UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

ANTONIO L. HAYES,                )
                                 )
        Petitioner,              )
                                 )
    vs.                          )   Case No.  05-0485-CV-W-FJG-P
                                 )
MICHAEL KEMNA, et al.,           )
                                 )
        Respondents.             )

**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner seeks habeas corpus relief pursuant to 28 U.S.C. § 2254 from his convictions in the Circuit Court of Jackson County, Missouri, for second degree murder, first degree assault, and armed criminal action. The Missouri Court of Appeals affirmed petitioner's convictions and the denial of his motion for post-conviction relief. Respondents' Exhibits E and J (unpublished opinions).

As his first ground for relief, petitioner claims that the trial court erred by denying his motion to quash the entire venire panel when venireperson Collins said that the prospect of retaliation by petitioner and his family and friends made her "'scared for her life.'" Doc. No. 11, p. 2 (amended petition). The Missouri Court of Appeals disagreed:

> From Collins's statements, it was made obvious to the panel that she had no personal knowledge of [petitioner], his family or friends on which to base her stated fear. Rather, as she admitted, it was based strictly on what she had seen depicted on TV. Further, even assuming, *arguendo*, that the statements of Collins may have initially tainted the entire venire panel . . . , the subsequent cautionary instruction given by the trial

> court was more than sufficient to cure any such taint.

Respondents' Exhibit E, pp. 8-9 (opinion) (citation omitted).

As his second ground for relief, petitioner claims that the trial court erred by allowing certain testimony by Detective Bumpus because the testimony in question constituted inadmissible evidence of uncharged crimes. Again, the Missouri Court of Appeals disagreed:

> Even assuming, *arguendo*, that the statement of [petitioner] to Detective Bumpus, that he had previously sold ammunition and guns, clearly linked him to uncharged crimes, his claim must still fail. This is so because, as the State contends, this evidence was logically and legally relevant to show that he had access to guns and that he was in the vehicle that carried the shooter.

*Id*. at 13 (citation omitted).

As his third ground for relief, petitioner claims that the trial court erred by denying his objection to the prosecutor's comment during closing argument that Detective Bumpus' demeanor while testifying was due to illness, and not to being under the influence of drugs, as defense counsel had suggested. The Missouri Court of Appeals rejected that claim because, "[w]ith or without the comment, . . . the verdict here would have been the same." *Id*. at 15.

The Missouri Court of Appeals' resolution of the trial-error claims discussed above does not constitute "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Sublett v. Dormire*, 217 F.3d 598, 600

Case 4:05-cv-00485-FJG   Document 26   Filed 07/10/06   Page 2 of 5

(8th Cir. 2000) (on a claim of improper closing argument, federal habeas relief will be denied unless "the prosecutor['s] comments so infected the trial with unfairness as to make the resulting conviction a denial of due process") (internal quotations omitted), *cert. denied*, 531 U.S. 1128 (2001); *Richardson v. Bowersox*, 188 F.3d 973, 979-81 (8th Cir. 1999) (state court's "holding on a matter of state evidentiary law is not grounds for federal habeas relief unless it was so unfair as to constitute a denial of due process"), *cert. denied*, 529 U.S. 1113 (2000); *Antwine v. Delo*, 54 F.3d 1357, 1369 (8th Cir. 1995) ("The impartiality of . . . potential juror[s] is a question of fact, and [a federal court must] defer to a state-court finding [regarding juror impartiality] if it is fairly supported by the record."), *cert. denied*, 516 U.S. 1067 (1996). Relief will be denied on petitioner's first, second, and third grounds.

As his fourth ground for relief, petitioner claims that he was denied effective assistance of trial counsel because his attorney failed to pursue a theory of self-defense. The Missouri Court of Appeals found no error:

> None of the witnesses who testified at the Rule 29.15 evidentiary hearing would have assisted [petitioner] in proving self-defense because none of them observed the shooting. [Petitioner] conceded at the evidentiary hearing that these witnesses would have been unable to state that he was in imminent fear of death or serious bodily injury. Their testimony would not have . . . "provided him with a viable defense." Moreover, the record shows that [petitioner] . . . began shooting at [a vehicle he was following]. This clearly shows that he was not avoiding the danger which weakens the self-defense theory.

3

Respondents' Exhibit J, p. 8 (opinion).

The Missouri Court of Appeals' resolution of petitioner's ineffective-assistance claim was not based on "an unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law." 28 U.S.C. § 2254(d)(1) and (2). *See Strickland v. Washington*, 466 U.S. 668, 694 (1984) (in order to establish ineffective assistance of counsel, habeas petitioner must show that his attorney's performance fell below an objective standard of reasonableness and that the deficient performance prejudiced the defense). Relief will be denied on petitioner's fourth ground.

As for all remaining grounds for relief, *see* Doc. No. 11, pp. 3-12 (amended petition), "[a] habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." *Sloan v. Delo*, 54 F.3d 1371, 1381 (8th Cir. 1995), *cert. denied*, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." *Id*. Petitioner defaulted his remaining grounds for relief by failing to assert those claims in the Missouri Court of Appeals. *See* Respondents' Exhibits C and H (appellate briefs).

A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result

4

in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Petitioner has failed to demonstrate cause for his default. Petitioner also has failed to show that he is "probably actually innocent" of the crimes for which he was convicted. *Bowman v. Gammon*, 85 F.3d 1339, 1346 (8th Cir. 1996), *cert. denied*, 520 U.S. 1128 (1997). Further review of petitioner's remaining grounds for relief is not required to prevent a fundamental miscarriage of justice.

For the reasons discussed above, petitioner has failed to allege grounds that warrant relief. Accordingly, it is **ORDERED** that this petition for a writ of habeas corpus is denied, respondents' motions for extensions of time (Doc. Nos. 17 and 19) are denied as moot, and this case is dismissed with prejudice.

/s/ Fernando J. Gaitan, Jr.
FERNANDO J. GAITAN, JR.
UNITED STATES DISTRICT JUDGE

Kansas City, Missouri,

Dated:  7/10/06  .